UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YOLANDA QUINTANILLA, | § | No. SA:11-CV-1040-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CAROLYN W. COLVIN, Acting | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING MOTION FOR RECONSIDERATION

On October 8, 2014, Plaintiff Yolanda Quintanilla's counsel filed a "Response" to this Court's October 3, 2014 Order Granting in Part Plaintiff's Motion for Attorney's Fees. (Dkt. # 28.) The "Response" informs the Court that, as cited in Plaintiff's brief, the case of Edwards v. Barnhart, 214 F. Supp. 2d 700 (W.D. Tex. 2002) grants attorney's fees to an attorney litigating in Midland-Odessa based upon the rate he customarily commanded in Dallas, his usual city of practice. Plaintiff asserts that, based on Edwards, this Court improperly calculated Plaintiff's counsels rate based on the appropriate rate in San Antonio, rather than Dallas, where Plaintiff's counsel practices. Plaintiff's counsel's "Response" does not request any adjustment of the Court's October 3 Order, but simply states the

1

appropriate total of attorney's fees in this case should be $11,204.38, as he initially requested.

Although Plaintiff's counsel's "Response" is not in the traditional form of a motion for reconsideration, the Court can find no other reason Plaintiff's counsel would file a "Response" to an order, and therefore, the Court shall consider it as such.

"The [Equal Access to Justice Act ("EAJA")] requires, in relevant part, that attorney's fees be based upon 'prevailing market rates' for comparable services." Hamblen v. Colvin, No. 3:12–CV2009–BH, 2014 WL 1516157, at\* n.12 (N.D. Tex. Apr. 17, 2014). The Fifth Circuit recognizes that, therefore, the EAJA contemplates that various locales require greater cost of living adjustments than others, and permits differing adjustments to the fee cap. Yoes v. Barnhart, 467 F.3d 426, 427 (5th Cir. 2006). This variance ensures that courts will face the question of what forum provides the proper rate from which to calculate an attorney's reasonable hourly rate.

Although the Fifth Circuit has not spoken specifically to the EAJA, it and the Supreme Court have answered the question in the context of other cost-shifting statutes. Blum v. Stenson, 465 U.S. 886 (1984); McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (2011). In civil rights cases, "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant

appropriate total of attorney's fees in this case should be $11,204.38, as he initially requested.

Although Plaintiff's counsel's "Response" is not in the traditional form of a motion for reconsideration, the Court can find no other reason Plaintiff's counsel would file a "Response" to an order, and therefore, the Court shall consider it as such.

"The [Equal Access to Justice Act ("EAJA")] requires, in relevant part, that attorney's fees be based upon 'prevailing market rates' for comparable services." Hamblen v. Colvin, No. 3:12–CV2009–BH, 2014 WL 1516157, at\* n.12 (N.D. Tex. Apr. 17, 2014). The Fifth Circuit recognizes that, therefore, the EAJA contemplates that various locales require greater cost of living adjustments than others, and permits differing adjustments to the fee cap. Yoes v. Barnhart, 467 F.3d 426, 427 (5th Cir. 2006). This variance ensures that courts will face the question of what forum provides the proper rate from which to calculate an attorney's reasonable hourly rate.

Although the Fifth Circuit has not spoken specifically to the EAJA, it and the Supreme Court have answered the question in the context of other cost-shifting statutes. Blum v. Stenson, 465 U.S. 886 (1984); McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (2011). In civil rights cases, "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant

community.'" McClain, 649 F.3d at 381. As with the EAJA, the fee-shifting awards in civil rights cases are grounded in two goals—"to facilitate plaintiffs' access to the courts to vindicate their rights by providing compensation sufficient to attract competent counsel" and ensuring the resulting fee awards are reasonable. Id.; Baker v. Bowen, 839 F.2d 1075, 1082 (5th Cir. 1988) ("The purpose of [the EAJA] is to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees to the taxpayers."). Because the policy goals of the fee-shifting provisions of civil rights cases are in line with those of the EAJA, the Court imports the Fifth Circuit's civil-rights fee analysis to this case.

The Fifth Circuit requires that fee awards be calculated according to prevailing rates in the forum community. McClain, 649 F.3d at 381. However, the Fifth Circuit allows for an exception to this principle when "out-of-district counsel are proven to be necessary to secure adequate representation for a civil rights plaintiff." Id. Because there is no indication that out-of-district counsel was necessary in this case, the Court affirms its prior calculation of the reasonable hourly rate for Plaintiff's counsel. The Court's previous award of $10,282.00 stands.

3

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

DATED: October 16, 2014, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge